# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:14-CR-46-TLS |
| | ) | |
| PAMELA NESSEN | ) | |

## OPINION AND ORDER

The Defendant, Pamela Nessen, has pled guilty to embezzlement of labor organization funds in violation of 29 U.S.C. § 501(c). An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) prior to the Defendant's sentencing. According to the PSR, under the United States Sentencing Guidelines, the Defendant's total offense level is 12, and her criminal history category is I, resulting in a guideline calculation of 10–16 months of imprisonment.

On September 21, 2015, the Defendant filed a sealed Sentencing Memorandum [ECF No. 30] requesting a variance pursuant to 18 U.S.C. § 3553(a). The Defendant requests a downward variance of two levels, resulting in a total offense level of 10 and a guideline range of 6–12 months. A two-level variance would also place the Defendant in Zone B of the Sentencing Table, making her eligible for probation. The Defendant asks to be sentenced to twelve (12) months of probation, with no more than six (6) months of home detention [Def.'s Sentencing Mem. 6–7, ECF No. 30]. The Government did not file a response to the Defendant's Sentencing Memorandum, but it noted on the record at a telephonic status conference that the Government does not object to the Defendant's Sentencing Memorandum [ECF No. 38]. For the reasons stated in this Opinion and Order, the Court will grant the Defendant's request for a downward variance.

**ANALYSIS**

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (citing *Nelson*, and setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence). When calculating the guideline range, "[a] district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008). "The defendant bears the burden of proving that the PSR is inaccurate or unreliable," and if he offers no evidence to question the PSR's accuracy, the Court may rely on it. *Id*.

Here, neither party contests the guideline calculations pursuant to the PSR. The Guidelines assign 12 levels as the base offense level for the Defendant's offense. U.S.S.G. §2B1.1(a)(2) and §2B1.1(b)(1)(D). The probation officer added 2 levels because the Defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, U.S.S.G. § 3B1.3, resulting in an adjusted offense level of 14. The adjusted offense level was lowered by 2 levels because the Defendant has clearly demonstrated acceptance of responsibility for the offense, U.S.S.G. § 3E1.1(a), resulting in a total offense level of 12. Combining this offense level with the Defendant's criminal history category of I results in a guideline range of 10–16 months of imprisonment.

**A.     § 3553(a) Request for a Downward Variance**

In imposing a sentence, § 3553(a) requires a court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, and impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: adequately capturing the seriousness of the offense, providing just punishment, promoting respect for the law, affording adequate deterrence, protecting the public, and rehabilitating the defendant. In making this determination, a district court may not presume that the Guidelines sentence is the correct one. *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007). Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007). "[A] district court can vary categorically from every guideline, including the career offender guidelines." *United States v. Redmond*, 667 F.3d 863, 876 (7th Cir. 2012) (citing *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010)).

The Defendant argues that her background and personal characteristics, as well as the nature and circumstances of the offense, justify a two-level variance from the applicable guideline range. In her sealed Motion, the Defendant provides a detailed description of her personal history, including her childhood experiences, physical disability, and financial issues. Upon consideration of the above § 3553(a) factors, the Court finds that the Defendant's request for a two-level downward variance is well-taken. Given the history and characteristics of the

3

Defendant, the Court finds that a guideline range of 6–12 months of imprisonment is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. This determination is based on the evidence in the record thus far, and on the factors highlighted by the Defendant and the Government. The Court has not yet heard from the Defendant, and she may wish to make a statement on her own behalf in mitigation of punishment. Indeed, she is entitled to make such a statement. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii). The Government may also make an argument at the time of sentencing. Therefore, the Court reserves a determination of the appropriate term of imprisonment until after the Defendant and the Government have had an opportunity to address the Court.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's request for a two-level variance, but WITHHOLDS determining the sentence to impose until the time of the sentencing hearing. The sentencing hearing scheduled for November 16, 2015, at 2:00 PM, is CONFIRMED.

SO ORDERED on October 19, 2015.

s/ Theresa L. Springmann<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT